IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R. MANGIONI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: 08 CV 3655 |
| LAW OFFICES OF MITCHELL N. KAY, P.C., | ) ) ) |
| Defendant. | ) |

## ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES the Defendant, LAW OFFICES OF MITCHELL N. KAY, P.C. ("MNK"), by its attorneys, David M. Schultz and Stephen D. Vernon, and for its Answer & Affirmative Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

**ANSWER:** MNK admits the allegations of Paragraph 1 of Plaintiff's Complaint.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant attempted to collect a consumer debt from Plaintiff here.

**ANSWER:** MNK admits the allegations of Paragraph 2 of Plaintiff's Complaint.

### PARTIES

3. Plaintiff, Joseph R. Mangioni, is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant tried to collect a consumer debt.

**ANSWER:** MNK admits the allegations of Paragraph 3 of Plaintiff's Complaint.

4.     Defendant, Law Offices of Mitchell N. Kay, P.C. ("MNK"), is a New York law firm based in New York City that practices primarily in debt collection. MNK is a debt collector under § 1692a(6) of the FDCPA because it regularly collects debts owed or due, or asserted to be owed or due, to others.

**ANSWER:**   MNK admits the allegations of Paragraph 4 of Plaintiff's Complaint.

### FACT ALLEGATIONS

5.     In the mid-1980s, Mangioni entered into a health club services contract with Chicago Health Clubs. The contract was entered into based on misrepresentations by Chicago Health Clubs. Mangioni has not made a payment on the contract since before June 28, 1997.

**ANSWER:**   MNK admits that Mangioni entered into a health club services contract with Chicago Health Clubs and that Mangioni's last payment on the contract was made prior to June 28, 1997. MNK is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 of Plaintiff's Complaint and therefore, denies the same.

6.     On or after June 28, 2007, MNK sent a letter to Mangioni trying to collect an alleged debt of $930.06 MNK claimed Mangioni owed to "Capital Asset Holdings Corp. Chicago Health Clubs Credit." See Exhibit A. This letter was printed on stationery that identified MNK as a law firm, identified MNK's "of counsel" law firm in Chicago, The Albert Law Firm, PC, and informed Mangioni that MNK was handling Mangioni's "account".

**ANSWER:**   MNK admits the allegations of Paragraph 6 of Plaintiff's Complaint.

7.     The letter was a threat from MNK, a law firm, to take legal action to collect the alleged debt, even though any suit to collect on the alleged debt was barred by the statute of limitations. Mangioni had not made any payments on the contract for more than ten years before the date of the letter.

**ANSWER:**   MNK denies the allegations of Paragraph 7 of Plaintiff's Complaint.

2

## COUNT I
### Violation of § 1692e(2)(A) of the FDCPA

8. Mangioni adopts and realleges the allegations in Paragraphs 1-7.

**ANSWER:** MNK adopts and restates its answers to the allegations contained in Paragraphs 1-7 of Plaintiff's Complaint as though fully set forth herein.

9. The FDCPA prohibits a debt collector from making any false, deceptive or misleading representation in connection with the collection of a debt, including the false representation of the character, amount or legal status of a debt. See 15 U.S.C. § 1692e(2)(A).

**ANSWER:** MNK admits that Paragraph 9 of Plaintiff's Complaint attempts to paraphrase a portion of the FDCPA. In further answering, states that the text of the FDCPA speaks for itself and MNK denies that it violated the FDCPA.

10. In the June 28, 2007 letter, MNK falsely represented that the alleged debt was not time-barred and was collectable in legal proceedings.

**ANSWER:** MNK denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. MNK's violation of § 1692e(2)(A) of the FDCPA renders it liable to Mangioni for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

**ANSWER:** MNK denies the allegations of Paragraph 11 of Plaintiff's Complaint.

## COUNT II
### Violation of § 1692f of the FDCPA

12. Mangioni adopts and realleges the allegations in Paragraphs 1-11.

**ANSWER:** MNK adopts and restates its answers to the allegations contained in Paragraphs 1-11 of Plaintiff's Complaint as though fully set forth herein.

13. The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect a debt. 15 U.S.C. § 1692f.

3

**ANSWER:** MNK admits that Paragraph 13 of Plaintiff's Complaint attempts to paraphrase a portion of the FDCPA. In further answering, states that the text of the FDCPA speaks for itself and MNK denies that it violated the FDCPA.

14. MNK violated § 1692f of the FDCPA by threatening to sue Mangioni to collect on an alleged debt when MNK knew such suit would be barred by the statute of limitations.

**ANSWER:** MNK denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15. MNK's violation of § 1692f of the FDCPA renders it liable to Mangioni for damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

**ANSWER:** MNK denies the allegations of Paragraph 15 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. MNK states that any violation of the FDCPA, which they deny occurred, was unintentional, and incurred in spite of procedures reasonably adapted to avoid such error.

2. MNK states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

By: *s/Stephen D. Vernon*
One of the Attorneys for Defendant

David. M. Schultz
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL  60601
312-704-3000
dschultz@hinshawlaw.com
svernon@hinshawlaw.com

4

## CERTIFICATE OF SERVICE

     I hereby certify that on **August 29, 2008,** I electronically filed the forgoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

James Shedden
Tony Kim
Katherine Hathaway
Schad, Diamond & SHedden, P.C.
332 S. Michigan Avenue, Ste. 1000
Chicago, Illinois  60604-4398
jshedden@lawsds.com
tkim@lawsds.com
khathaway@lawsds.com

                                        HINSHAW & CULBERTSON LLP

Stephen D. Vernon                             s/ *Stephen D. Vernon*
HINSHAW & CULBERTSON LLP           Stephen D. Vernon
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – fax
svernon@hinshawlaw.com

6356068v1 891712 68678